IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

November 2, 2004 Session

## STATE OF TENNESSEE, ex rel., SHARON WHITELOW v. CRAIG JOHNSON

An Appeal from the Juvenile Court for Davidson County
No. 22-64114, 22-64115, 22-64126, 22-64127, 22-64128, 22-64129, 22-64130, 22-64131
Betty K. Adams, Judge

_____

No. M2003-02205-COA-R3-JV - Filed April 21, 2005

_____

This is a child support case. The appellant is the father of eight children who are the subject of this dispute. The State filed a petition in the Juvenile Court alleging that the children were dependent and neglected due to the drug use of the mother and father. The mother and father stipulated to these charges and the children were placed in the care of relatives. The State later filed a petition to establish paternity and set support, seeking adjudication of numerous issues, including child support. The trial court ruled on the issue of child support, but did not rule on the other issues. Without seeking permission for interlocutory appeal, the father appealed the ruling on child support. We dismiss the appeal, finding that the order from which the father appeals is not a final order and is thus not properly before this Court.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS and DAVID R. FARMER, joined.

W. Brian Stephens, Gallatin, for Respondent/Appellant Craig Johnson.

Stuart F. Wilson-Patton, Office of the Attorney General for Petitioner/Appellee State of Tennessee Department of Children's Services

**OPINION**

Craig Johnson ("Father") is the father of eight children with Sharon Whitelow ("Mother"). In August 2001, the State of Tennessee ("State") filed a petition in the Davidson County Juvenile Court, seeking a determination that eight children of Mother and Father were dependent and neglected. In November 2001, the Department of Children's Services ("DCS") took the eight

children into emergency protective custody. On December 12, 2001, the Davidson County Juvenile Court entered an Agreed Order of Adjudication in which Father stipulated that the children were dependent and neglected stemming from drug use by Father and Mother, and that DCS should retain custody of the children and that Mother and Father should pay child support.

On May 30, 2002, the State filed a Petition to Establish Paternity and Set Support for the eight children. This petition sought parentage testing, an order finding Father to be the legal father of all eight children, a determination of custody as to Mother, a determination of surnames for the children's birth certificates, the establishment of the parents' child support obligations, a judgment for back child support, and for the expenses related to the children's births, medical insurance and costs. Between July and October, numerous orders were entered regarding custody, resulting in the children being placed with relatives in six different households.

In an order dated August 7, 2003, the Juvenile Court for Davidson County found that Father's gross income was $1,408.33 per month. Based on this amount of gross income, the Juvenile Court calculated Father's total child support obligation for the eight children as $970.00 per month. The order then divided this total child support amount so that households caring for one child received $137.64 per month and households caring for two children received $209.71 per month. The total amount of child support represents approximately 69% of Father's gross income. The order reserved all other issues. Father appeals this order, arguing that the Juvenile Court should have awarded child support totaling no more than 50% of his net income.

Rule 3(a) of the Tennessee Rules of Appellate Procedure states that "[i]n civil actions every *final* judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right." Tenn. R. App. P 3(a) (2004) (emphasis added). Thus, only final orders are appealable. For an order to be a final and appealable order, the trial court must adjudicate all claims brought before it. *Stevens v. Beegle*, 193 WL 192008, *1 (Tenn. Ct. App. June 8, 1993); *Yater v. Wachovia Bank of Georgia, N.A.*, 1991 WL 253297, *1 (Tenn. Ct. App. Dec. 3, 1991).

In the instant case, the State's petition raised numerous issues which could affect the award of child support, including parentage testing, back support, expenses related to the births of the children, a determination of whether Mother should have custody, and medical insurance. Child support is the only issue that the Juvenile Court has ruled on, leaving these and other issues outstanding. As a result, this order is not a final order and the appeal must be dismissed.

On remand, we note that the Juvenile Court did not fully explain how the amount of child support was calculated or the reasoning for deviating from the guidelines. Tennessee Code Annotated, § 36-5-101(e)(1)(A), states that, where there is a deviation from the child support guidelines, the trial court must

> make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties. Findings that the application of

the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines.

T.C.A. § 36-5-101(e)(1)(A).

The appeal is dismissed. Costs are assessed against Appellant Craig Johnson, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE